UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
November 17, 2017
David J. Bradley, Clerk

Charlotte Saenz, §
§
    Plaintiff, §
§
versus §  Civil Action H-15-2887
§
BP America, Inc., §
§
    Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

A welder frequently missed work for her lower-back pain. The company asked her to give it supporting documents for it to approve her leave. She did not. The company warned her repeatedly that her absences were a problem. Ultimately, it asked the welder to resign or be fired. She resigned. She claimed that the company discriminated against her because of her disability and retaliated against her for complaining about the discrimination. Because she did not support her claims that she was disabled or that the company discriminated or retaliated against her, the company will prevail.

2. *Background.*

From 1990 to 2015, Charlotte Saenz worked for BP Amoco Chemical Company as a welder. She incorrectly named BP America, Inc., as her employer. In 2013 and 2014, she was absent for blocks of time without approval from BP. She had requested short-term disability leave or family and medical leave, but she had not given BP the correct forms to be approved for family and medical leave. BP considers someone who has missed three days of work in six months without approval excessively absent. On April 24, 2014, personnel manager Marc Devine sent Saenz a letter warning her that BP had not excused some of her absences and asking her to give BP the forms. Now, Saenz says that she thought that she had given them to BP.

After eleven unapproved days off in February and twelve in March for lower-back pain, Saenz returned and told the company nurse that she could not bend or move heavy objects even though her doctor, pain-management physician Ghyasuddin Syed, released her without restrictions. From April 4 to May 19, 2014, she was again absent without approval. In May, Saenz returned to work with a note from her doctor, neurologist Mohammed Athari, recommending light duty. Welders frequently have to lift up to 25 pounds; Saenz's doctor recommended that she lift no more than six. She asked her supervisor for light duty, but he said that it was not available.

On May 27, 2014, Saenz first complained to the Equal Employment Opportunity Commission and to the Texas Workforce Commission that BP was discriminating against her because of her disability.

In July, BP had Ronald Lindsey, a doctor from the University of Texas Medical Branch Department of Orthopaedic Surgery & Rehabilitation, review Saenz's medical records. He concluded that her supposedly debilitating back pain was not supported by the results of her magnetic resonance imaging scan. He suggested that using her back muscles, not resting, would improve her lower-back pain. He recommended physical therapy and a brief period of light duty followed by full duty.

On August 12, BP sent Saenz a letter saying that she was on decision-making leave and warning her that this was the last step in the disciplinary process before termination. On August 22, Marc Devine sent Saenz a letter saying that she was not eligible for family and medical leave, because she had not worked for 1,250 hours in the last 12 months. Saenz had approximately 200 hours of vacation time that she could have used to cover her absences, but she did not ask to use it.

Later in August, BP set up a temporary light duty position for Saenz. After a couple weeks, she returned to full duty.

On September 2, Saenz amended her EEOC complaint. On September 19, the EEOC released her to sue BP.

In November, Saenz called in sick with influenza one Monday. She was out for four days.

On December 22, after her 90 days to sue had expired, BP gave Saenz the option to resign or be fired. On the advice and with the assistance of the union agent, Saenz resigned to remain on the payroll until the first week of January 2015 and receive her bonus for 2014.

On December 29, she filed her second EEOC charge.

3. *Discrimination.*

Saenz claims that BP discriminated against her because of her disability in violation of the Texas Commission on Human Rights Act.[1]

Saenz was not disabled. She had lower-back pain. She says that the severe pain would occur unexpectedly, but BP's doctor saw nothing in her records to support severe pain. By having been applying for welder positions and saying that she would like to return to work with BP, she concedes that she was not disabled.

BP did not perceive Saenz as disabled. It had a doctor review her medical records. He concluded that she was capable of returning to welding.

Saenz has worked as a welder for 24 years and has the appropriate skills and experience. Conversely, she said that she could not lift more than six pounds, and welders often have to lift up to 25 pounds and may have to lift up to 100 pounds.

She asked to be placed on light duty in March and May, but was told that it was not available. A welder's job necessarily involves lifting heavy objects. Light duty is office work, not welding. Saenz remembered that another welder had ankle surgery, and BP found some office work for him to do while he recovered. In August, BP found similar work for her: she sat at a desk and took her welders' tests on the computer.

Saenz was not subjected to an adverse employment decision because of her disability. She had been warned repeatedly that her absences were not excused because she had not given BP the correct documents. BP placed her on decision-making leave, which is formal discipline for attendance problems. In the letter telling Saenz that she was on decision-making leave, BP warned her that

---

[1] *See* Tex. Lab. Code. Ann. §21.051 (West).

this was the last step before termination. After she missed four more days, she was asked to resign or be terminated. Her union chairman negotiated a resignation for Saenz, because she could stay on the payroll long enough to receive her year-end bonus. She chose to resign because it was of greater benefit to her. She was not fired.

4. *Retaliation.*

Saenz did not support her retaliation claim.[2] In May of 2014, she filed a claim of discrimination with the EEOC. She did not suffer an adverse employment action because she was not fired; she chose to resign. Also, she has not shown that any causal connection between these two events exists. By the end of April, she had already been warned that some of her absences would not be excused without the appropriate forms.

Devine sent Saenz the letters explaining the problem with her absences and recommended that Saenz be terminated. Devine said that she does not remember Saenz filing a discrimination claim, only that she had complained about some of the people with whom she worked in 2010 or 2011. Devine had not seen the letter from the EEOC allowing Saenz to sue. Not aware of the EEOC complaint, Devine could not have retaliated.

5. *Pretext.*

Even if Saenz had supported a prima facie case, she did not show that BP's reason for asking her to resign was a pretext.[3]

BP asked Saenz to resign because she was absent excessively. It followed its disciplinary procedures, asking her for forms to support her family and medical leave absences, placing her on decision-making leave, explaining that she did not work enough hours to qualify for family and medical leave, and warning her that she could be terminated for further violations.

---

[2] *See* Tex. Lab. Code. Ann. §21.055 (West).

[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

After her decision-making leave in August, complete with a warning that continued absences could result in termination, Saenz called in sick one Monday in November and did not return until Friday, without another call.

Saenz argues that, because she had 200 hours of vacation time, she should not have been asked to leave for excessive absenteeism. She could have used her vacation time to cover her absences. She never asked. It was not BP's job to convert her disapproved family and medical leave into unused vacation time. Saenz had to request it.

6. *Conclusion.*

The only issues of fact are Saenz's inconsistent statements about herself. Charlotte Saenz will take nothing from BP America, Inc., or BP Amoco Chemical Company.

Signed on November 16, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge